# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Action No. __0:20-cv-60782-XXXX__

ANTWAN WILLIAMS,

    Plaintiff,

v.

AUTO EXPRESS CREDIT, INC.,

    Defendant.

_____/

## COMPLAINT

NOW COME ANTWAN WILLIAMS, through undersigned counsel, complaining of AUTO EXPRESS CREDIT, INC., as follows:

## NATURE OF THE ACTION

1. This is an action seeking redress for alleged violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.* and the Florida Consumer Collection Practices Act (the "CCPA"), Fla. Stat. § 559.55 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## PARTIES

5. ANTWAN WILLIAMS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Margate, Florida.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

8. AUTO EXPRESS CREDIT, INC. ("Defendant") is a corporation organized under the laws of Florida.

9. Defendant has its principal place of business at 850 North State Road 7, Plantation, Florida, 33317.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7463.

13. At all times relevant, Plaintiff's number ending in 7463 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

15. Months ago, Plaintiff started to receive phone calls from Defendant.

16. On multiple occasions, Plaintiff answered.

17. Each time, Plaintiff was met by clear pause, and was forced to say "Hello, Hello, Hello" prior to being connected to an agent.

18. Each time, Defendant sought payment on an auto loan.

19. Upon information and belief, this auto loan is a "debt" as defined by Fla. Stat. § 559.55(6).

20. Upon information and belief, this auto loan is a "consumer debt" as defined by Fla. Stat. § 559.55(6).

21. The twist?  Plaintiff did not have an auto loan with Defendant.

22. In fact, when provided with Plaintiff's personal info, Defendant *was not* able to confirm Plaintiff's identity.

23. Often times, these phone calls ended with Plaintiff telling them: "[s]top calling…"

24. Sadly, these phone calls continued.

25. Whatismore, Plaintiff started to receive SMS messages from Defendant.

26. Defendant's March 28, 2020 SMS message provided:

*Dear Value Customer,*

*This is just a reminder from Auto Express Credit that your payment is past due.  It is very important that we hear from you today.  Please call us at (954)975-7175 to submit payment.*

*Thanks!*

27. Plaintiff responded: "*Wrong number.*"

28. Defendant's April 10, 2020 SMS message provided:

*Dear Value Customer,*

*This is Auto Express Credit Collection Dept. contacting you in regards to your payment which is now due.  It is very important that we hear from you today.  Please call us at (954) 975-7175 to submit payment.*

*Thanks!*

29. Once more, Plaintiff responded: "*Stop.*"

30. All in all, Plaintiff received no less than 15 unwanted, unauthorized, unconsented-to phone calls/texts from numbers leading back to Defendant – including, (954) 224-7675.

31. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

32. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

33. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Defendant's unlawful collection practices.

## COUNT I:
## Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

34. Paragraphs 12 through 33 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Defendant placed or caused to be placed no less than 15 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

36. Although the TCPA does not define a "call," the Federal Communcations Commission (FCC), the agency implementing the TCPA, has interpreted the TCPA to "encompass[] both voice calls and text calls to wireless numbers including, for example, short

4

message service (SMS) calls," which are generally referred to as text messages. *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14115 (July 3, 2003); *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (holding that the FCC's interpretation that a text message is a "call" under the TCPA is reasonable).

37. The TCPA defines an automatic telephone dialing system as equipment which has the *capacity* – (A) to store or produce numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. 47 U.S.C. § 227(a)(1).

38. Upon information and belief, based on the "clear pause" Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

39. Upon information and belief, the ATDS employed by Defendant transfers the call to an agent once a human voice is detected, hence the clear pause.

40. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

41. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

42. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II
### Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)

43. Paragraphs 12 through 33 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Fla. Stat. § 559.72

44. Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

45. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

46. Subsection 559.72(9) of the CCPA provides:

In collecting consumer debts, no person shall:

> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

47. Defendant violated Fla. Stat. § 559.72(9) by dunning Plaintiff who was not liable for the auto loan.

48. As plead above, on multiple occasions, Defendant was informed that they had the wrong party.

49. Plaintiff may enforce the provisions of Fla. Stat. §§ 559.72(7) and (9) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Fla. Stat. §§ 559.72(7) and (9);

B. an award of actual damages sustained by Plaintiffs as a result of Defendant's violation(s);

C. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: April 15, 2020

Respectfully submitted,

**ANTWAN WILLIAMS**

By: */s/ Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com